IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TIMOTHY W. FORD, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv528 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DOUGLAS COUNTY DEPARTMENT OF CORRECTIONS, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the following pending motions: (1) Filing No. 41, a letter from the plaintiff, Timothy W. Ford, which has been docketed as a Motion for Direction; (2) Filing No. 42, the plaintiff's Motion for Leave to Amend Complaint and Make More Definite; (3) Filing No. 43, the plaintiff's Motion for Default Judgment; and (4) Filing No. 44, the defendants' Motion for Enlargement of Time. The plaintiff, presently a state prisoner, asserts federal civil rights claims pursuant to 42 U.S.C. § 1983. The plaintiff alleges that corrections officers at the Douglas County Correctional Center ("DCCC"), where the plaintiff was a pretrial detainee, used excessive force against the plaintiff, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

The Eighth Circuit Court of Appeals has explained the principles governing prisoner claims of excessive force in Treats v. Morgan, 308 F.3d 868, 872 (8th Cir. 2002), as follows: "The Eighth Amendment protects inmates from the unnecessary and wanton infliction of pain by correctional officers, Whitley v. Albers, 475 U.S. 312, 319 ... (1986), regardless of whether an inmate suffers serious injury as a result. Hudson v. McMillian, 503 U.S. 1, 9 ... (1992). Officers are permitted to use force reasonably 'in a good-faith effort to maintain

or restore discipline,' but force is not to be used 'maliciously and sadistically to cause harm.' Id. at 7.... Factors to be considered in deciding whether a particular use of force was reasonable are whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury. Id. See also Hickey v. Reeder, 12 F.3d 754, 758 (8th Cir. 1993)." Accord Fillmore v. Page, 358 F.3d 496, 503-10 (7th Cir. 2004).

Pretrial detainees are not convicted prisoners and, therefore, their rights do not arise under the Eighth Amendment. Instead, their rights arise under the Due Process Clause of the Fourteenth Amendment. Spencer v. Knapheide Truck Equipment Co., 183 F.3d 902, 905 (8th Cir. 1999), cert. denied. 528 U.S. 1157 (2000). Thus, the rights of pretrial detainees under the Due Process Clause are at least as great as, if not greater than, those of convicted prisoners under the Eighth Amendment.

In Filing No. 41, the plaintiff asks for directions regarding the next step in this litigation now that he has received a copy of the jury demand filed by the defendants. As Magistrate Judge F.A. Gossett explained in the Order Setting Schedule for Progression of Case (Filing No. 40) filed on September 15, 2006, this is the time in which the parties typically engage in the discovery process to gather evidence in support of their claims and defenses. Magistrate Judge Gossett attached a copy of the pertinent discovery rules to Filing No. 40. If the plaintiff requires another copy, he may notify the court, and another copy of Filing No. 40 will be sent to the plaintiff without charge.

Filing No. 42, the plaintiff's Motion for Leave to Amend Complaint and Make More Definite, is granted, and the Amended Complaint attached to Filing No. 42 is accepted for

filing instanter. The Clerk of Court is requested to make a copy of the Amended Complaint and to file it as a separate document with a separate filing number, for future ease of reference. After doing so, the Clerk shall also send the plaintiff a copy of the docket sheet without charge.

Filing No. 44, the defendants' Motion for Enlargement of Time, is granted. The defendants shall have until December 22, 2006, as requested, to answer or otherwise respond to the Amended Complaint. If the deadlines in the Order Setting Schedule for Progression of Case need to be revised in light of the defendants' extension of time, the defendants' counsel shall propose new deadlines to the plaintiff and shall submit a joint motion for extension of progression order dates.

In light of the foregoing decisions, Filing No. 43, the plaintiff's Motion for Default Judgment, is denied. The defendants had no obligation to respond to the Amended Complaint until the court granted the plaintiff's motion for leave to file the Amended Complaint. Accordingly, the defendants are not in default.

THEREFORE, IT IS ORDERED:

1. That Filing No. 41, the plaintiff's Motion for Direction, is granted; if the plaintiff requires another copy of Filing No. 40, the Order Setting Schedule for Progression of Case with copies of the discovery rules attached, he may notify the court, and another copy of Filing No. 40 will be sent to the plaintiff without charge;

2. That Filing No. 42, the plaintiff's Motion for Leave to Amend Complaint and Make More Definite, is granted; the Amended Complaint attached to Filing No. 42 is accepted for filing instanter; the Clerk of Court shall copy the Amended Complaint and file

it separately, and send a copy of the docket sheet to the plaintiff, without charge, after doing so;

    3.    That Filing No. 43, the plaintiff's Motion for Default Judgment, is denied; and

    4.    That Filing No. 44, the defendants' Motion for Enlargement of Time, is granted; the defendants shall answer or otherwise respond to the Amended Complaint by December 22, 2006; if the deadlines in the Order Setting Schedule for Progression of Case need to be revised in light of the extension of time, defendants' counsel shall propose new deadlines to the plaintiff and shall submit a joint motion for extension of progression order dates.

DATED this 5th day of December, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge